2016- 021955

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
------------------------------------------------------------------------ X

CHRISTOPHER ROMAN,

                                Plaintiff,    **SUMMONS** 302093/16

              -against-

                                   **Index:**   6/8/16

THE CITY OF NEW YORK; P.O. TIMOTHY CANNIFF, Shield # 4868, Tax ID # 944410; SGT. DAVID JOHNSON, Shield # 4623; Tax ID # 928548; P.O. CHRISTOPHER CAPPS, Shield # 17296, Tax ID # 943046; P.O. BRIAN MANNING, Shield # 5694, Tax ID # 942115; SGT. BRIAN CLEMENTS, Shield # 398; and P.O. JOHN DOES # 1-5, the individual defendants sued individually and in their official capacities,

Basis of Venue: occurrence of incident – of 1940 Webster Avenue, Bronx, New York

                                Defendants..

------------------------------------------------------------------------ X

To the above Defendants:

      YOU ARE HEREBY SUMMONED to appear and to answer the Complaint in this action and to serve a copy of your answer on plaintiffs' attorney(s) within twenty (20) days of the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York), and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:     Brooklyn, New York
                June 7, 2016

                                      ANDREW S. RENDEIRO, ESQ.
                                      *Attorney for Plaintiff*
                                      16 Court Street, Suite 3301
                                      Brooklyn, New York 11241
                                      (718) 237-1900
                                      By:

                                      ANDREW S. RENDEIRO

Defendants' addresses: THE CITY OF NEW YORK, 100 Church Street, New York, New York 10007; P.O. TIMOTHY CANNIFF, Shield # 4868, Tax ID # 944410; SGT. DAVID JOHNSON, Shield # 4623; Tax ID # 928548; P.O. CHRISTOPHER CAPPS, Shield # 17296, Tax ID # 943046; P.O. BRIAN MANNING, Shield # 5694, Tax ID # 942115; SGT. BRIAN CLEMENTS, Shield # 398; and P.O. JOHN DOES # 1-5, 48th Precinct, 450 Cross Bronx Expy, Bronx, NY 10457

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
---------------------------------------------------------------------X

CHRISTOPHER ROMAN,

                                   Plaintiff,      **COMPLAINT**

            -against-

                                             Index: 302093-2016

THE CITY OF NEW YORK; P.O. TIMOTHY CANNIFF, Shield # 4868, Tax ID # 944410; SGT. DAVID JOHNSON, Shield # 4623; Tax ID # 928548; P.O. CHRISTOPHER CAPPS, Shield # 17296, Tax ID # 943046; P.O. BRIAN MANNING, Shield # 5694, Tax ID # 942115; SGT. BRIAN CLEMENTS, Shield # 398; and P.O. JOHN DOES # 1-5, the individual defendants sued individually and in their official capacities,

Basis of Venue: occurrence of incident – of 1940 Webster Avenue, Bronx, New York

**Jury Trial Demanded**

                                  Defendants.
---------------------------------------------------------------------X

        Plaintiff Christopher Roman, by and through his counsel, Andrew Rendiero, Esq. and Michael Hueston, Esq., upon information and belief, allege as follows:

### PRELIMINARY STATEMENT

        1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about June 9, 2013 through October 10, 2014. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, unreasonable force, unlawful search and seizure, failure to intervene, malicious prosecution, denial of a fair trial, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

CPLR 3014

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Venue is proper in the Supreme Court of the State New York, Bronx County, because the acts in question occurred in the State of New York, Bronx County, and the City of New York is subject to personal jurisdiction in Supreme Court of the State New York, Bronx County; and jurisdiction is proper because the Supreme Court of the State New York, Bronx County has jurisdiction over plaintiff's federal causes of action pursuant to 42 U.S.C. § 1983.

## PARTIES

4. Plaintiff CHRISTOPHER ROMAN is a resident of the State of New York, Westchester County.

5. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

6. Defendants P.O. TIMOTHY CANNIFF, Shield # 4868, Tax ID # 944410; SGT. DAVID JOHNSON, Shield # 4623; Tax ID # 928548; P.O. CHRISTOPHER CAPPS, Shield # 17296, Tax ID # 943046; P.O. BRIAN MANNING, Shield # 5694, Tax ID # 942115; SGT. BRIAN CLEMENTS, Shield # 398; and P.O. JOHN DOES # 1-5 are New York City Police Officers, employed with the 48th Precinct, located in Bronx, New York who violated plaintiff's rights as described herein.

7. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On or about June 9, 2013, at and in the vicinity of 1940 Webster Avenue, Bronx, New York, and the 48th Precinct, police officers from the 48th Precinct, including

defendants P.O. Canniff; Sgt. Johnson; P.O. Capps; P.O. Manning; Sgt. Clements; and P.O. John Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

9. On or about June 9, 2013, at approximately 3:00 a.m., plaintiff was in the vicinity of 1940 Webster Avenue, Bronx, New York.

10. Plaintiff stepped outside of the establishment.

11. Two large groups of people were fighting.

12. The fight quickly escalated and plaintiff was not able to get away from it in time.

13. Plaintiff was punched and attacked.

14. Plaintiff was stabbed.

15. When police officers, including defendant P.O. Capps, P.O. Manning and Sgt. Clements, arrived, plaintiff had a knife in his leg.

16. Plaintiff requested the defendants' assistance and instead, without reasonable suspicion or probable cause that plaintiff had committed a crime, police officers including defendant P.O. Capps, P.O. Manning and Sgt. Clements, unlawfully arrested plaintiff.

17. Defendants P.O. Capps, P.O. Manning and Sgt. Clements falsely claimed to have observed plaintiff repeatedly stabbing an individual ("H.B.") in front of 1940 Webster Avenue, Bronx, New York.

18. Defendant Sgt. Johnson arrived about the same time and falsely claimed to have recovered the knife in the middle of the street which P.O. Capps, P.O. Manning and Sgt. Clements falsely claimed plaintiff used to stab H.B.

19. Defendant P.O. Canniff was assigned as plaintiff's arresting officer.

20. During the arrest of plaintiff, police officers, including defendants P.O. Capps, P.O. Manning and Sgt. Clements, maliciously, gratuitously, and unnecessarily grabbed plaintiff, pepper sprayed plaintiff, dragged plaintiff to the ground, and placed excessively tight handcuffs on plaintiff's wrists. Plaintiff was injured as a result of these acts. Those individual defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

21. Plaintiff was transported to St. Barnabas Hospital for treatment of his injuries prior to being transported to the 48th Precinct.

22. The police transported plaintiff to the 48th Precinct.

23. Plaintiff was removed to Bronx Central Booking.

24. Upon information and belief, H.B. informed the individual defendants, including P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson, that plaintiff was not involved in his attack.

25. Nevertheless, while plaintiff was incarcerated at the 48th Precinct and Central Booking awaiting arraignment, prior to any grand jury action, the defendants pursuant to a conspiracy, falsely and maliciously told the Bronx County District Attorney's Office that plaintiff had committed various crimes including assaulting H.B. with intent to cause physical injury and criminal possession of a weapon, and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiff in Bronx County Supreme Court.

26. After being incarcerated overnight, plaintiff was arraigned on the felony complaint and bail was set.

27. The individual defendants, P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson purposely and maliciously lied and withheld information showing plaintiff was innocent of all charges.

28. For instance, on June 11, 2013, H.B., was shown a photo array by NYPD Detective George Weir, where plaintiff's picture was in the array, and H.B. did not pick plaintiff's picture.

29. The results on the negative photo array was provided to P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson but they continued their false prosecution of plaintiff.

30. Another example occurred on December 23, 2013, when the New York City Department of Forensic Biology released its report regarding the swabs of the "handle of gray knife" and "blade of gray knife" which defendants P.O. Capps, P.O. Manning, and Sgt. Clements falsely stated was wielded by plaintiff.

31. That December 2013 Forensic report concluded: "The DNA results in this case do not any PCR (STR) DNA profiles in the OCME local database to date[]" further discrediting the false claims of P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson against plaintiff.

32. As the arresting officer P.O. Canniff was primarily responsible for the control, dissemination and handling all exonerating information regarding the false case against plaintiff.

33. Sgt. Johnson was the supervising officer approving the arrest, and was also responsible for the control, dissemination and handling all exonerating information regarding the false case against plaintiff.

34. The individual defendants, P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson, purposely made statements and withheld evidence, including from the District Attorney's office, to wrongly prosecute and convict plaintiff by (1) hiding the fact that H.B. informed the police that plaintiff was not the person who attacked him, and (2) lying to prosecutors and the court that plaintiff was the perpetrator when the police themselves witnessed that plaintiff was the victim of a serious assault with a knife in his leg.

35. The individual defendants, P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson, created reports with these fabrications and provided them to the District Attorney's office, including prior to as well as after testifying before a grand jury.

36. This conduct laid the groundwork for plaintiff's prosecution.

37. The individual defendants withheld the fact H.B. exonerated plaintiff, and plaintiff was the victim of an assault.

38. Plaintiff was indicted and prosecuted under Indictment Number 2047/2013.

39. The individual defendant officers, including P.O. Canniff, Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson falsely testified against plaintiff at hearings and trial regarding the indictment.

40. Plaintiff case sent to trial in late September 2014.

41. Thereafter, plaintiff was acquitted of all charges on or about October 10, 2014 by a jury trial.

42. At that trial, the individual defendants, including P.O. Capps, P.O. Manning, Sgt. Clements falsely testified that they witnessed plaintiff stab H.B., and P.O. Canniff falsely testified about where the knife was recovered.



43. H.B. testified at the trial that he viewed a line and did not identify plaintiff as his attacker.

44. H.B. also testified at the trial that he did not know plaintiff and did not remember ever seeing plaintiff on June 9, 2013.

45. Plaintiff was held in custody from June 9, 2013 until October 10, 2014 because of the police officers' lies, including those of P.O. Canniff, P.O. Capps, P.O. Manning, Sgt. Clements and Sgt. Johnson.

46. The above-stated malicious prosecution was initiated without probable cause to believe that the prosecution would be successful and without regard to plaintiff's innocence.

47. The above-stated malicious prosecution was initiated with malice because it was not based upon probable cause.

48. The above-stated malicious prosecution terminated in plaintiff's favor on or about October 10, 2014 when plaintiff was acquitted after a jury trial where the officers repeated their lies.

49. The above-stated malicious prosecution caused a significant post-arraignment liberty restraint on plaintiff, namely the 17 months that he spent incarcerated.

50. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights.

7

Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

51. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

52. The individual defendants acted in concert committing the above described illegal acts toward plaintiff.

53. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

54. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

55. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

56. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

57. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE)

58. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendants unlawfully stopped and seized plaintiff without cause or consent.

60. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST)

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

62. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

63. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

64. Plaintiff repeats and realleges all the foregoing paragraphs as if the same

were fully set forth at length herein.

65. The individual defendants' use of force upon plaintiff was objectively unreasonable.

66. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

67. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

68. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

### (FAILURE TO INTERVENE)

69. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70. The individual defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

71. Accordingly, the individual defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FIFTH CLAIM

### (MALICIOUS PROSECUTION)

72. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73. The individual defendants are liable to plaintiff for malicious prosecution

because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to prosecutors and the court, alleging plaintiff had committed various crimes.

74. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

75. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

76. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

## SIXTH CLAIM

### (DENIAL OF A FAIR TRIAL)

77. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78. The individual defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, including omitting and/or manipulating evidence, and suppressing exculpatory evidence and forwarded that false evidence to police officers, prosecutors, and the court

79. The individual defendants violated the law by either testifying falsely, providing false information, and/or drafting and signing false criminal court complaints and/or false police reports and forwarding them to police officers, prosecutors and the court.

80. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false

evidence to obtain a conviction act unconstitutionally, depriving plaintiff of liberty without due process of law or a fair trial, and the harm occasioned by such unconscionable actions are redressable in an action for damages under 42 U.S.C. § 1983, the Fair Trial Clause of the Sixth Amendment to the United States Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### SEVENTH CLAIM

### (MONELL CLAIM)

81. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

82. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

83. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons and purposely falsifying and withholding evidence, including from the District Attorney's offices, prior to grand jury; (2) using unreasonable force on individuals; (4) maliciously prosecution individuals with false evidence and testimony; and (4) fabricating evidence against innocent persons.

84. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

85. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover,

upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

86. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

87. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

88. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

88. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants; and demands judgment and compensatory damages, individually and/or collectively in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction as to the above-stated cause of action against all defendants; punitive damages in an amount to be determined at trial as and for the above-stated causes of action against the individual defendants; together with costs and disbursements of this action and legal fees pursuant to 42 U.S.C. § 1988.

DATED:    Brooklyn, New York
          June 7, 2016

        ANDREW S. RENDEIRO, ESQ.
        *Attorney for Plaintiff*
        16 Court Street, Suite 3301
        Brooklyn, New York 11241
        (718) 237-1900
        asrendeiro@yahoo.com
        By: _/s/ Andrew S. Rendeiro_
        ANDREW S. RENDEIRO

        MICHAEL O. HUESTON, ESQ.
        *Attorney for Plaintiff*
        16 Court Street, Suite 3301
        Brooklyn, New York 11241
        (718) 246-2900
        mhueston@nyc.rr.com

## VERIFICATION

ANDREW RENDIERO, ESQ., an attorney at law, duly admitted to the Bar of the State of New York, affirms under penalties of perjury pursuant to CPLR § 2106 to the truth of the following:

I am the attorney for Christopher Roman. I have read the forgoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, as to those matters I believe them to be true. I make this verification instead of the plaintiff pursuant to CPLR § 3020 because the plaintiff resides in a different county than where I maintain my office.

Dated:     Brooklyn, New York
           June 7, 2016

_____
ANDREW RENDIERO, ESQ.